**Lei CHEN, Petitioner–Appellant,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent–Appellee.**

No. 04–1545.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Theodore N. Cox, New York, NY, for Petitioner–Appellant.

T.J. Johnson, Assistant United States Attorney, for Richard B. Roper, United States Attorney, Northern District of Texas, Dallas, TX, for Respondent–Appellee.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JANET BOND ARTERTON, District Judge.*

---

* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

Petitioner Lei Chen, through counsel, petitions for review of the March 2004 order of the BIA dismissing his appeal from the decision of the immigration judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.

The IJ found incredible Chen's testimony that although he was not actually a Falun Gong practitioner, Chinese officials perceived him to be such a practitioner and sought to persecute him accordingly. On the basis of that adverse credibility finding, the IJ rejected Chen's asylum, withholding of removal, and CAT claims. The BIA found that the IJ's adverse credibility finding was supported, and dismissed Chen's appeal. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir. 2005).

In his petition for review, Chen does not challenge the IJ's adverse credibility finding, as affirmed by the BIA. Instead, he challenges only the denial of his CAT claim, contending that the IJ improperly dismissed this claim solely on the basis of the adverse credibility finding, without also considering the background evidence in the record regarding the persecution of Falun Gong practitioners in China.

Chen's argument lacks merit. First, Chen did not argue to the BIA that the IJ failed to consider the background information in the record when evaluating his CAT claim, and this Court cannot review issues that were not previously raised to the BIA. *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004). Moreover, even assuming *arguendo* that we could consider this argument, it would fail. Although Chen contends that the IJ erred by basing the CAT determination solely on the adverse credibility finding, we have explained that where an "adverse credibility finding goes precisely to the point" that the petitioner must prove in order to "qualify for withholding under the CAT," there is no need for further specific discussion of the petitioner's CAT claim. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Here, as in *Xue Hong Yang,* "both the scope of the IJ's credibility finding and its fatal effect on the factual basis of [Chen's] CAT claim are readily apparent." *Id.* Chen has acknowledged that he is not a Falun Gong practitioner, and the IJ found incredible Chen's testimony that Chinese officials perceived him to be a Falun Gong practitioner. Without any link between Chen and Falun Gong, it is irrelevant, for purposes of Chen's CAT claim, how Falun Gong practitioners are treated in China. Thus, there was no need for the IJ to consider the background evidence about such practitioners, and the IJ did not err in not doing so.

Accordingly, the petition for review is **DENIED.** Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.